THE TREASURER OF CHAMPAIGN COUNTY *v.* H. NORTON.

*Appeal from the Common Pleas.*

*Practice—Suit against Administrator.*

Acquiescence of attorney of record binds the party.
Appeal does not vacate submission on report made in common pleas.

THIS cause came before Judges Burnet and Sherman, in the county of Clark, at the July term, 1824.

It was an action of debt brought on an administrator's bond. From the record it appeared that the parties had submitted the cause to the court of common pleas, on an agreed case. The court referred it to a special commissioner, who reported a balance due from and in the hands of the defendant as administrator. Exceptions were filed to the report, which were overruled. Judgment was entered for the plaintiff and an appeal taken to this court.

O. PARISH, for the defendant, moved to set aside the report:

First, because the submission was made to the common pleas without the knowledge or consent of the defendant's attorney on record. Secondly, because the report having been made on a reference in the common pleas prior to the judgment, it ought to be considered as vacated by the appeal.

As it appeared from the record that the cause had remained in the court below more than a year after the submission before the rendition of judgment, during which time one of the attorneys of that court, at the request of the attorney on record, had answered to the suit without objecting to the submission or the reference, and it appearing further that the submission and agreed case were

284

Miller *v.* Commissioners of Montgomery County.

signed by the attorney of a co-defendant, with the knowledge of the agent of Norton's attorney, the court were of opinion that whatever might have been the merits of the motion, had it been made in time, it was then too late for the party to avail himself of it.

*On the second ground, it was the opinion of the court that [271 neither the submission nor the report were vacated by the appeal, but that the report was open to the same exceptions as in the court below. Motion overruled.

The defendant then took sundry exceptions to the report, some of which were sustained ; and it appearing that payments had been made by the defendant for the benefit of the estate, which had not been submitted to the commissioner, in consequence of the vouchers not being in the possession of defendant, the case was referred to the same commissioner for re-examination and report at the next term.